IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 05-563 |
| | : | |
| JUAN COLON | : | |

| | | |
|---|---|---|
| JUAN COLON | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-3435 |
| | : | |
| UNITED STATES OF AMERICA | : | |

**McHUGH, J.**                                                              **September 6, 2024**

**MEMORANDUM**

Petitioner Juan Colon moves to correct his criminal sentence pursuant to 28 U.S.C. § 2255. No. 05-563, ECF 189. He argues that his convictions under 18 U.S.C. § 924(c) must be vacated because his predicate offenses – Hobbs Act robberies – were not "crimes of violence" as defined by § 924(c). Because the Third Circuit's decision in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023) squarely forecloses this argument, I will deny the motion.

In 2006, Mr. Colon was convicted and sentenced on four counts of completed Hobbs Act robbery, 18 U.S.C. § 1951(a), one count of conspiracy to commit Hobbs Act robbery, *id.*, and two counts of brandishing a firearm in the commission of those offenses, 18 U.S.C. § 924(c). No. 05-563, ECF 133.

Section 924(c) applies to defendants who use or carry a firearm in the commission of a "crime of violence." In 2016, Colon moved to vacate his § 924(c) convictions, arguing that

1

completed Hobbs Act robbery is not a predicate crime of violence because it satisfies neither the "residual" nor the "element-of-force" clause of the statute.[1]

Colon first argues that § 924(c)'s "residual clause" is unconstitutionally vague[2] given the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In 2019, while this motion was still pending, the Supreme Court adopted Colon's view and invalidated § 924(c)'s residual clause in *United States v. Davis*, 588 U.S. 445 (2019). Notably, however, *Davis* did not disturb § 924(c)'s "element-of-force" clause.

Next, Mr. Colon contends that the element-of-force clause is also inapplicable to Hobbs Act robbery. Under the element-of-force clause, a felony is considered a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).[3]

Judge Dubois had stayed resolution of the motion pending further developments in the law. In September 2021, this case was transferred to me. At the request of the Government, I continued to withhold action on Colon's motion until the Third Circuit could issue guidance on whether Hobbs Act robbery is a crime of violence under § 924(c). As the government notes in its responsive brief, ECF 212, the Third Circuit finally answered this question in *United States v.*

---

[1] Mr. Colon also argues that conspiracy to commit Hobbs Act robbery is not a crime of violence, but I need not address this issue. Colon does not dispute that his § 924(c) convictions were also predicated upon completed Hobbs Act robberies, *see* ECF 189 at 1, which the Third Circuit has now confirmed are crimes of violence.

[2] The residual clause defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

[3] In applying this clause, courts employ the "categorical approach," by which "[t]he only relevant question is whether the federal felony at issue always requires the government to prove – beyond a reasonable doubt, as an element of its case – the use, attempted use, or threatened use of force." *United States v. Taylor*, 596 U.S. 845 (2022). The facts of the case are irrelevant to this inquiry. *Id.*

*Stoney*, holding that "a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)."  62 F.4th 108, 114 (3d Cir. 2023).  This decision undermines Mr. Colon's ability to argue that a completed Hobbs Act robbery cannot serve as a predicate crime of violence for a conviction under § 924(c).  I therefore see no legal basis for Colon's requested relief and must deny his motion.[4]

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[4] Mr. Colon is currently on supervised release under the jurisdiction of the District of Maryland.